1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    DONNELL THOMAS,                      )
                                          )
10              Petitioner,               )
                                          )        No. CIV 07-434-TUC-CKJ
11   vs.                                  )
                                          )
12   DORA B. SCHRIRO, et al.,             )           **ORDER**
                                          )
13              Respondents.              )
     _____)

14

15          On or about April 25, 2005, Thomas filed the instant Petition for Writ of Habeas Corpus

16   by a Person in State Custody Pursuant to 28 U.S.C. § 2254.  Respondents have filed an Answer

17   and Petitioner has filed a Traverse and a Supplement.

18

19   *Factual and Procedural Background*

20          A case involving Petitioner Donnell Thomas ("Thomas") was presented to the Pima

21   County Grand Jury on October 17, 2002.  Tucson Police Department Detective Carlos

22   Villanueva testified as follows:

23          On June 21st, the year 2002, at approximately five in the morning, [Thomas] walked
            into the McDonalds at 3232 North Campbell.

24          He approached the manager, Trey Sealy, and asked for an application.  The manager
            walks back to the office, and [Thomas] followed him.  When they got to the office,
25          [Thomas] produced a hand gun and demanded the money.  The victim opened up the
            safe and handed him two bank bags containing $700.  The business security camera,
26          the video cameras, were in operation at the time and they catch or captured [Thomas]
            a the counter with his right palm down on the counter.
27
            The pictures in the video looks like [Thomas].  The palm print lifted from the counter
28          matched [Thomas].

Petition Exhibit, 11/06/02 GJ Transcript, p. 4. Additionally, the Court of Appeals of Arizona stated:

> After a jury trial, [Thomas] was convicted of aggravated assault and armed robbery. At sentencing, the trial court found Thomas had three historical prior felony convictions, including a 1970 homicide conviction. The court sentenced him to a mitigated, twenty-one-year prison term for the armed robbery conviction and a presumptive, 11.25-year prison term for the aggravated assault conviction, to be served concurrently.

Petition Exhibit, 10/26/04 Memorandum Decision, p. 2. On appeal, Thomas argued that the trial court had abused its discretion in denying his motion for a preliminary hearing, that he had been denied the safeguard of the grand jury process, that the trial court abused its discretion in sentencing him, and that he had been tried and convicted twice for the same behavior. The Court of Appeals affirmed Thomas' conviction and sentence.

On April 18, 2005, counsel for Thomas filed a Notice of Post-Conviction Relief. Thomas subsequently filed a *pro se* Petition for Post-Conviction Relief in which he argued that trial counsel had been ineffective in failing to challenge the grand jury proceedings, in allowing Thomas to be convicted of both armed robbery and aggravated assault allegedly based on the same behavior, and in the preparation and presentation of evidence during the sentencing hearing. Thomas also asserted that the trial court was without jurisdiction to enhance his sentence with a prior murder conviction. The post-conviction court denied relief. The Court of Appeals subsequently adopted the post-conviction court's findings and denied relief.

On August 27, 2007, Thomas filed the Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). Respondents have filed an Answer and Thomas has filed a Reply and a Supplement.[1]

In his Petition, Thomas argues that counsel was ineffective by conceding guilt and requesting the jury to convict Thomas of lesser offenses in closing argument, counsel was

---

[1]Although Thomas has not requested leave to file the Supplement, the Court will consider the arguments contained within the Supplement.

1   ineffective for failing to file a pretrial motion challenging the two count indictment, the

2   sentencing court violated *ex post facto* proscription by enhancing his sentence with Thomas's

3   1970 murder conviction, his Fifth Amendment rights have been violated because there was

4   insufficient testimony presented to the grand jury to support a finding of probable cause for the

5   offense of aggravated assault, he was denied due process at sentencing by the trial court's

6   enhancement of his sentence with the prior conviction, the enhancement of his sentence with the

7   prior conviction constitutes cruel and unusual punishment, the cumulative effect of the errors

8   denied him the guarantee of due process of fundamental fairness, and counsel was ineffective

9   by allowing Thomas' sentence to be enhanced with the 1970 prior conviction..

10

11   *Standard of Review*

12          Federal courts may consider a state prisoner's petition for habeas relief only on the

13   grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the

14   United States.  *See Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d

15   271 (1994).  Indeed, a habeas corpus petition by a person in state custody:

16            shall not be granted with respect to any claim that was adjudicated on the merits in
             State court proceedings unless the adjudication of the claim (1) resulted in a decision
17            that was contrary to, or involved an unreasonable application of, clearly established
             Federal law, as determined by the Supreme Court of the United States; or (2) resulted
18            in a decision that was based on an unreasonable determination of the facts in light of
             the evidence presented in the State court proceeding.
19

20   28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523,

21   146 L.Ed.2d 389 (2000).  General improprieties occurring in state proceedings are cognizable

22   only if they resulted in fundamental unfairness and consequently violated a petitioner's

23   Fourteenth Amendment right to due process.  *See generally, Estelle v. McGuire*, 502 U.S. 62,

24   67-68, 112 S.Ct. 475, 479, 116 L.Ed.2d 385 (1991).

25          This Court must review claims consistent with the provisions of the Antiterrorism and

26   Effective Death Penalty Act of 1996 ("AEDPA").  "The Act limits the ability of federal

27   courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*,

28                                                    - 3 -

1    114 F.3d 1484, 1498 (9th Cir. 1997).  This Court may only overturn a state court finding if

2    a petitioner shows by clear and convincing evidence that the finding was erroneous.  *See* 28

3    U.S.C. § 2254(e)(1).  An "unreasonable application of clearly established law" exists if the

4    state court identified the correct governing legal principle from Supreme Court decisions but

5    unreasonably applied that principle to the facts of the case.  *See Taylor*.

6

7    *Statute of Limitations*

8          Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state

9    prisoner must generally file a petition for writ of habeas corpus within one year from the date

10   upon which his judgment became final or the expiration of time for seeking such review.  *See*

11   28 U.S.C. § 2244(d)(1)(A).  Respondents concede that Thomas' Petition was timely filed.  The

12   Court finds that Thomas timely filed his Petition on August 27, 2007.

13

14   *Exhaustion of State Remedies*

15         Before a federal court may review a petitioner's claims on the merits, a petitioner must

16   exhaust his state remedies, i.e., have presented in state court every claim raised in the federal

17   habeas petition.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d

18   640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d

19   1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts

20   "by invoking one complete round of the State's established appellate review process" before

21   he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008,

22   1010 (9th Cir. 1999).  Exhaustion of state remedies is required in order to give the "State the

23   opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To

24   provide the State with the necessary opportunity, the prisoner must fairly present his claim

25   in each appropriate state court . . . thereby alerting that court to the federal nature of the

26   claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004),

27   *internal quotation marks and citations omitted*.

28                                            - 4 -

1    In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of

2    Appeals.   A discretionary petition for review to the Supreme Court of Arizona is not

3    necessary for purposes of federal exhaustion.[2]  *Swoopes*, 196 F.3d at 1010; *State v. Sandon*,

4    161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by

5    review by the court of appeals).  A claim is "fairly presented" if the petitioner has described

6    the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459

7    U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct.

8    509, 512, 30 L.Ed.2d 438 (1971).   In state court, the petitioner must describe not only the

9    operative facts but also the asserted constitutional principle.   The United States Supreme

10   Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners'
> federal rights, they must surely be alerted to the fact that the prisoners are asserting
> claims under the United States Constitution.   If a habeas petitioner wishes to claim
> that an evidentiary ruling at a state court trial denied him the due process of law
> guaranteed by the Fourteenth Amendment, he must say so, not only in federal court,
> but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).   A

petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must

read beyond a petition, brief, or similar papers to find material that will alert it to the

presence of a federal claim.   *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that

petition fairly presented federal ineffective assistance of counsel claim because "ineffective"

is a term of art in Oregon that refers only to federal law claims since petitioner failed to

demonstrate that state law uses "ineffective assistance" as referring only to federal law rather

than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts

---

[2]Respondents assert that, pursuant to *Baldwin*, Thomas has not exhausted his claims
because he did not seek review to the Supreme Court of Arizona.  However, in light of the
Ninth Circuit's specific consideration in *Swoopes* of *Sandon*, Arizona's procedurals laws, and
the Supreme Court's response to certified questions from the Ninth Circuit in *Moreno v.
Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998), this Court finds a discretionary petition for
review to the Supreme Court is not necessary for purposes of federal exhaustion.  *See also
Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005).

necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

*Procedural Default*

The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005), *internal quotation marks and citations omitted*. In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n. 1. This is often referred to as

- 6 -

1    "technical" exhaustion because although the claim was not actually exhausted in state court, the

2    petitioner no longer has an available state remedy.  *See id*. at 732 ("A habeas petitioner who has

3    defaulted his federal claims in state court meets the technical requirements for exhaustion; there

4    are no remedies any longer 'available' to him.").  If a claim is procedurally defaulted, it may not

5    be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse

6    the default in state court, or that a fundamental miscarriage of justice would result.  *Id*. at 753;

7    *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).  If a claim has never

8    been fairly presented to the state court, a federal habeas court may determine whether state

9    remedies remain unavailable.  *See Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 103

10   L.Ed.2d 308 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334

11   (1989); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

12

13   *Exhaustion and Procedural Default Analysis of Thomas' Claims*

14         Thomas asserts that he received ineffective assistance of counsel because, during

15   closing argument, counsel argued that the jury should find Thomas guilty of the lesser

16   offenses of robbery and simple assault.  Respondent argues that Thomas has made no

17   showing that he fully presented this claim to the state courts.  Indeed, the Court of Appeals

18   stated:

19              To the extent Thomas has inserted in his petition for review a new complaint about
              counsel's comments during closing argument, we do not address it.  This court will
20              not consider on review any issue on which the trial court has not first had an
              opportunity to rule.  *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App.
21              1980).

22   Answer, Ex. O, pp. 3-4.  Thomas, in listing the claims he was presenting to the post-

23   conviction court, did not include this claim.  However, almost in passing, he mentioned this

24   claim in his conclusion.  *See,* Answer, Ex. J., p.11.  Furthermore, Thomas did argue this

25   claim in his Motion for Rehearing.  *See* Answer, Ex. L. p. 5.  Moreover, this claim was

26   presented to the Arizona Court of Appeals.  *See* Answer, Ex. N, pp. 2-4.  The Court finds this

27   claim has been exhausted.

28                                             - 7 -

1    Thomas also asserts that counsel was ineffective by failing to file pleadings

2  challenging the grand jury proceedings.  As previously stated, Thomas asserted in the post-

3  conviction proceedings and his petition for review to the Arizona Court of Appeals that

4  counsel was ineffective by failing to challenge the grand jury proceedings.  The Court finds

5  that this claim has been exhausted.

6    Thomas asserts that the sentencing court violated his rights under the *Ex Post Facto*

7  Clause of Article 1, Sections 9 and 10, of the United States Constitution, by enhancing his

8  sentence based on a 1970 murder conviction.  Although this claim was presented to Arizona

9  Supreme Court in his Petition for Review, Thomas did not present this claim to the Arizona

10  Court of Appeals.  Thomas has failed to exhaust this claim.  Moreover, if Thomas would now

11  be procedurally barred from presenting this issue to the state courts, this claim would be

12  technically exhausted.  Thomas' claim would be procedurally defaulted as "waived at trial,

13  on appeal, or in any previous collateral proceeding" pursuant to Rule 32.2(a)(3),

14  Ariz.R.Crim.P.  By not presenting this claim to the state courts, Thomas waived this issue.

15    Moreover, under Arizona law, a petitioner who was convicted at trial must file a Notice

16  of Post-Conviction Relief within 90 days of the entry of judgment and sentence or within 30

17  days of the order and mandate affirming the judgment and sentence on direct appeal, whichever

18  is later.  Ariz.R.Crim.P. 32.4(a).  Thomas already completed a Rule 32 proceeding.  If Thomas

19  were to fairly present this issue in a subsequent Petition for Post-Conviction Relief, such

20  presentation would be untimely.  Moreover, this claim does not qualify for any of the timeliness

21  exceptions:

22    (d)    The person is being held in custody after the sentence imposed has expired;
      (e)    Newly discovered material facts probably exist and such facts probably would
23           have changed the verdict or sentence . . . ;
      (f)    The defendant's failure to file a notice of post-conviction relief of-right or notice
24           of appeal within the prescribed time was without fault on the defendant's part; or
      (g)    There has been a significant change in the law that if determined to apply to
25           defendant's case would probably overturn the defendant's conviction or sentence;
             or
26    (h)    The defendant demonstrates by clear and convincing evidence that the facts
             underlying the claim would be sufficient to establish that no reasonable fact-
27           finder would have found defendant guilty of the underlying offense beyond a

28

1    reasonable doubt, or that the court would not have imposed the death penalty.

2    Rules 32.1 and 32.4(a), Ariz.R.Crim.P.  Such a new petition, therefore, would be subject to

3    summary dismissal.  *State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State*

4    *v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135, 962

5    P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion).  This claim, therefore,

6    is procedurally defaulted and, therefore, technically exhausted.[3]  *Park v. California*, 202 F.3d

7    1146, 1150-51 (9th Cir. 2000) (federal habeas review is precluded where prisoner has not raised

8    his claim in the state courts and the time for doing so has expired).

9    Thomas asserts that his Fifth Amendment right to a fair trial was violated because

10   there was no probable cause supporting the aggravated assault charge to the grand jury.  The

11   Court of Appeals of Arizona stated:

12   Thomas next argues the prosecutor failed to instruct the grand jurors of the definitions and elements for the crimes with which he was charged, thereby violating his rights under the Fifth and Fourteenth Amendments to the United States Constitution.
13   Thomas waived his right to raise this issue.  "[A] defendant may not seek reversal of conviction on appeal based on error in grand jury proceedings."  *State v. Vasko*, 193
14   Ariz. 142, ¶ 27, 971 P.2d 189, 195 (App. 1998), *see also* Ariz.R.Crim.P. 12.9, 16A A.R.S., *State v. Murray*, 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995).  Review of a
15   determination of probable cause, following a trial court's denial of a motion for remand to the grand jury, is available only by way of special action before trial.  *State*
16   *v. Gortarez*, 141 Ariz. 254, 258, 686 P.2d 1224, 1228 (1984), *see also Maretick v.*
17   *Jarrett*, 204 Ariz. 194, ¶ 7, 62 P.3d 120, 122 (2003) ("an indictment may be challenged only through interlocutory proceedings").  "The once exception to this rule
18   is when a defendant has had to stand trial on an indictment which the government knew was based partially on perjured, material testimony."  *Gortarez*, 141 Ariz. at
19   258, 686 P.2d at 1228.  Because Thomas makes no such allegations, he waived his

20

21   [3]Because this claim is procedurally defaulted pursuant to Rule 32.4(a),
22   Ariz.R.Crim.P., this Court need not determine whether the claim is of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that
23   the claim is precluded pursuant to *Cassett*.  Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established.  *Powell v.*
24   *Lambert*, 357 F.3d 871 (9th Cir. 2004); *see e.g., State v. Rosario*, 195 Ariz. 264, 987 P.2d
25   226 (App. 1999) (where petition did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno v. Gonzalez*, 192 Ariz. 131,
26   962 P.2d 205 (1998) (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995) (Rule 32.4(a) was amended
27   to "address potential abuse by defendants caused by the old rule's unlimited filing periods").

28
- 9 -

1  right to object to the use of grand jury proceedings by failing to timely raise the issue
2  below.

3  Answer, Ex. A. pp. 3-4.  In other words, Thomas raised this claim in the state courts, but the
4  state courts found that this claim was defaulted on state procedural grounds.  This claim is
5  procedurally defaulted.  *Coleman*, 501 U.S. at 729-30.

6      Thomas asserts that he was denied due process at sentencing because he was
7  sentenced in violation of Arizona's statutory scheme.  Thomas presented this claim to the
8  state courts; this claim, therefore, is exhausted.  However, habeas relief is not available for
9  a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875 (1984).
10  Moreover, Thomas cannot transform his state issue into a federal issue by simply framing it
11  as a due process violation.  *Poland v. Stewart*,  169 F.3d 573, 975 (9th Cir. 1990); *Hivala v.*
12  *Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due
13  process issue in state court because petitioner presented claim in state court only on state
14  grounds), *cert. denied*, 529 U.S. 1009 (2000); *see also Nunes v. Ramirez-Palmer*, 485 F.3d
15  432, 443 (9th Cir. 2007) ("[T]here is no federal constitutional right to attack a prior state
16  conviction, 'once a conviction is no longer open to direct or collateral attack in its own right.'
17  *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 403, 121 S.Ct. 1567, 149 L.Ed.2d 608
18  (2001).  'If that conviction is later used to enhance a criminal sentence, the defendant
19  generally may not challenge the enhanced sentence through a petition under § 2254 on the
20  ground that the prior conviction was unconstitutionally obtained.' *Id*.").

21      Thomas argues that his Eighth Amendment right to be free from cruel and unusual
22  punishment was violated by the enhancement of his sentence with the prior murder
23  conviction.  Thomas did not raise this issue in the state courts and this issue is not exhausted.
24  However, Thomas' claim would be procedurally defaulted as "waived at trial, on appeal, or
25  in any previous collateral proceeding" pursuant to Ariz.R.Crim.P. 32.2(a)(3) and subject to
26  summary dismissal as untimely under Ariz.R.Crim.P. 32.4 if he now attempted to present this
27  claim to the state courts.  This claim, therefore, is procedurally defaulted and, therefore,

28

technically exhausted.  Moreover, this claim is simply a rephrasing of Thomas' attack on Arizona's sentencing statutes.[4]  Habeas relief is not available for a perceived error of state law.  *Pulley*, 465 U.S. at 41.

Thomas asserts that he was denied the guarantee of due process of fundamental fairness by the cumulative effect of errors.  Thomas did not raise this issue in the state courts and this issue is not exhausted.  However, Thomas' claim would be procedurally defaulted as "waived at trial, on appeal, or in any previous collateral proceeding" pursuant to Ariz.R.Crim.P.  32.2(a)(3)  and  subject  to  summary  dismissal  as  untimely  under Ariz.R.Crim.P. 32.4 if he now attempted to present this claim to the state courts.  This claim, therefore, is procedurally defaulted and, therefore, technically exhausted.

Thomas also argues that counsel was ineffective during his sentencing because counsel permitted Thomas' sentence to be enhanced with the 1970 murder conviction. Thomas raised this claim with the post-conviction court and the appellate court.  Thomas has exhausted this claim.

*Ineffective Assistance of Counsel*

Thomas asserts that trial counsel was ineffective for conceding, during closing arguments, Thomas' guilt by requesting the jury to find him guilty of robbery and simple assault rather than armed robbery and aggravated assault.  Although this issue was presented to the state courts, the state courts did not rule on this issue.  This Court, therefore, will review this issue *de novo*.  *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003) (when it is clear that a state court has not reached the merits of a petitioner's claim, the AEDPA's

---

[4]Although the Eighth Amendment mandates that cruel and unusual punishments may not be inflicted, *Gonzalez v. Duncan*, 551 F.3d 875, 879 (9th Cir. 2008), the Court notes that "the state may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offenses than for a first offense against the law[.]" *Moore v. State of Missouri*, 159 U.S. 673, 678, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

1   deferential standard does not apply and a federal habeas court must review the claim *de*
2   *novo*).

3       To prevail on a claim of ineffective assistance of counsel, Thomas must satisfy a two
4   prong test, demonstrating:   (1) deficient performance, such that counsel's actions were
5   outside the wide range of professionally competent assistance, and (2) that Thomas was
6   prejudiced by reason of counsel's actions.  *Strickland v. Washington*, 466 U.S. 668, 686-90,
7   104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411
8   (9th Cir. 1998).

9       The Court disagrees with Thomas' conclusion that counsel was ineffective.  Rather,
10  counsel made a tactical decision to challenge only the most serious charges against Thomas.
11  In similar circumstances, the federal courts have found that such an approach does not
12  constitute ineffective assistance of counsel because, "[a]t worst[,] counsel's actions were only
13  tactical decision . . ."  *United States v. Bradford*, 528 F.2d 899, 900 (9th Cir. 1975), *per*
14  *curiam*.  In *Bradford*, counsel for one of the defendants admitted the evidence identifying the
15  defendants as the robbers was overwhelming and, instead, argued lack of willfulness and
16  intent for the lesser offense of unarmed, rather than armed, bank robbery.  *Id.*; *see also*
17  *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991).  In this case, a video camera at the
18  victim's business captured pictures that looked like Thomas.  The video camera further
19  captured a picture of the individual with his right palm on the counter.  The palm print lifted
20  off of the counter matched Thomas.  In light of this evidence, counsel's decision to argue for
21  a lesser offense is a tactical decision and does not constitute ineffective assistance of counsel.
22  The Court finds Thomas is not entitled to habeas relief on this claim.

23      Thomas asserts that trial counsel was ineffective by failing to file pleadings
24  challenging the grand jury proceedings and by permitting Thomas' sentence to be enhanced
25  with the 1970 murder conviction.  In denying relief on these claims, the state courts applied
26  the *Strickland* standard.   The Court must determine, therefore, if the state courts
27  unreasonably applied *Strickland*.  *See Taylor*; *Bell v. Cone*, 535 U.S. 685, 699, 122 S.Ct.

28

1843, 1852 (2002).

As to these issues, the post-conviction court stated:

Petitioner contends that his counsel was ineffective for (i) failing to file pretrial motion . . . and (iii) failing to investigate and present accurate information at sentencing.

A colorable claim of ineffective assistance of counsel is established when petitioner demonstrates both deficient performance and prejudice. [*Strickland*]; *State v. Ketchum*, 191 Ariz. 415, 416, 956 P.2d 1237, 1238 ([App.] 1997).  The reviewing court need not address both prongs if a petitioner fails to make the necessary showing on one.  *Ketchum*, 191 Ariz. [at] 416, 956 P.2d at 1238.

A.    Deficient Performance

To establish deficient performance, Petitioner must show his counsel's representations "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2052.  The United States Supreme Court has declined to articulate specific guidelines for appropriate representation and instead emphasizes that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*  Petitioner does not show that trial counsel's representation fell below an objective standard of reasonableness.

1)  Trial counsel was not ineffective for not filing pretrial motions.

Actions of defense counsel, which appear to be trial tactics, will not support an allegation of ineffective assistance of counsel.  *State v. Espinoza-Gamez*, 139 Ariz. 415, 417, 678 P.2d 1379, 1381 (1984).  Any issues of "trial strategy and tactics are committed to defense counsel's judgment, and claims of ineffective assistance cannot be predicated thereon." *State v. Beaty*, 158 Ariz. 232, 250, 762 P.2d 519, 537 (1988), quoting *State v. Vickers*, 129 Ariz. 506, 633 P.2d 315, 323 (1981).  "The object of an ineffectiveness claim is not to grade counsel's performance."  *Beaty*, 158 Ariz. at 249, 762 P.2d at 536.  Courts presume that counsel's conduct is trial strategy. *State v. Fisher* 152 Ariz. 116, 118, 730 P.2d 825, 827 (1986).  Disagreements in trial tactics will not support a claim of ineffectiveness assistance of counsel provided the conduct has some reasoned basis. *State v. Lee*, 152 Ariz. 210, 214, 689 P.2d 153, 157 (1984).

Petitioner has failed to rebut the presumption that trial counsel's actions were trial strategies and tactics.  This Court does not find counsel ineffective for not filing pretrial motions.

* * * * *

3) Trial counsel was not ineffective [in] the investigation and presentation of information at sentencing.

Courts afford deference to trial counsel's tactical decisions as long as there is evidence the attorney performed an adequate investigation in support of those judgments. *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535 (2003).

[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made

- 13 -

1
2
3
4

> after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support he limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment.

5

*Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066.

6
7
8

> To assess counsel's investigation, it is necessary to conduct an objective review of the attorney's performance, measured for "reasonableness under prevailing professional norms," including consideration of the context as seen "from counsel's perspective at the time." *Wiggins*, 539 U.S. at 522, 123 S.Ct. at 2536, quoting *Strickland*, 466 U.S. at 688-89, 104 S.Ct. 2052.

9
10
11
12

> Petitioner does not show that trial counsel's representation fell below an objective standard of reasonableness. Petitioner claims that trial counsel failed to present information and argue against using Petitioner's prior conviction to enhance his sentence. [Pro Se Supplemental Petition for Post Conviction Relief, pp. 7-8]. This Court has reviewed the sentencing proceedings and finds that trial counsel argued this very issue. [See Sentencing Minute Entry, May 5, 2003].

13

> This Court finds trial counsel was not ineffective in the investigation and presentation of information at sentencing.

14

> B.    Prejudice

15
16
17

> Proof of prejudice requires a demonstration that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* This court finds that Petitioner was not subject to prejudice.

18

Answer, Ex. K. pp. 2-4. The Court of Appeals stated:

19
20
21
22
23

> In his petition below, Thomas claimed trial counsel had been ineffective in failing to file pretrial motions to challenge the grand jury proceeding and what Thomas labeled a duplicitous indictment, failing to challenge the grand jury proceeding and what Thomas labeled a duplicitous indictment, failing to challenge or defend against the aggravated assault charge, and failing to challenge a prior conviction used to enhance his sentences. He also claimed the trial court had lacked jurisdiction to treat his prior conviction for an open-ended offense as a felony conviction for sentence-enhancement purposes and had thus erred at sentencing. The state did not file a response, despite having obtained an extension of time in which to do so.

24
25
26

> The trial court ruled Thomas had failed to show that any of his complaints about trial counsel's performance actually amounted to deficient representation. Additionally the court found Thomas had failed to show prejudice, the second of the two elements necessary for any colorable claim of ineffective assistance of counsel. *See State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985) . . .

27

> We cannot say the trial court abused its discretion. Because Thomas's ineffective

28

- 14 -

1    assistance claims are essentially the same issues raised on appeal reframed as
2    deficient performance by counsel, our previous substantive rejection of those claims
     means Thomas could not establish prejudice even if he had shown trial counsel's
3    representation fell below the prevailing professional standard of care. Inability to
     show prejudice is fatal to an ineffective assistance claim. *State v. Salazar*, 173 Ariz.
4    399, 414, 844 P.2d 566, 581 (1992) ("If no prejudice is shown, the court need not
     inquire into counsel's performance.").

5    March 29, 2007, Ct. of Appeals Decision, pp. 2-3. This Court does not find that the state

6    courts' determination that Thomas failed to establish ineffective assistance of counsel was

7    objectively unreasonable. 28 U.S.C. § 2254(d); *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct.

8    1843, 1852, 152 L.Ed.2d 914 (2002) (habeas court is not to make its own independent judgment,

9    but is to determine whether state court applied federal authority in an objectively unreasonable

10   manner). *Mancuso v. Olivarez*, 292 F.3d 939, 954 (9th Cir. 2002) (strong presumption

11   counsel's conduct falls within wide range of reasonable professional assistance; counsel's

12   decisions are not to be second-guessed to reconstruct the circumstances of counsel's

13   challenged conduct). The state courts' determination that Thomas had not rebutted the

14   presumption that counsel's conduct was a result of trial strategy was not objectively

15   unreasonable. Moreover, the state courts determined that counsel had presented information

16   and argued against using Thomas' prior conviction to enhance his sentence. The state courts'

17   determinations that counsel was not ineffective for failing to filing pretrial motions and in

18   the presentation of information at sentencing and that Thomas had not shown that he was

19   prejudiced were not objectively unreasonable.

20

21   *Cause and Prejudice Analysis*

22       As for Thomas' procedurally defaulted claims, federal habeas review is barred unless

23   Thomas demonstrates "cause for the default and prejudice attributable thereto, or

24   demonstrates that failure to consider the claims will result in a fundamental miscarriage of

25   justice." *Coleman*, 501 U.S. at 749-750 (citations omitted; internal quotation marks omitted);

26   *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998), *citing Keeney v. Tamayo-Reyes*, 504

27   U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (generally, if a petitioner "has

28

failed to develop material facts in state court proceedings, he or she must demonstrate adequate cause for his or her failure and actual prejudice resulting from that failure).  Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court).   Prejudice need not be addressed if a petitioner fails to show cause.  *Murray.*   To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence[.]" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002), *citations omitted*.  "Actual innocence can be shown when a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Sistrunk*, 292 F.3d at 673, *quoting Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Thomas has failed to show (1) cause – any impediments preventing Thomas from complying with Arizona's procedural rules, *Murray*, 477 U.S. at 488; (2)  prejudice – any constitutional violation so basic as to infect Thomas' entire trial with error, *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), or (3) fundamental miscarriage of justice that no reasonable juror could find him guilty, *Schlup*, 513 U.S. at 327. Thomas' procedural default cannot be excused.


Accordingly, IT IS ORDERED:

1.     Thomas' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED;

2.     This matter is DISMISSED with prejudice, and;

3.     The Clerk of the Court shall enter judgment and shall then close its file in this

matter.

DATED this 13th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge